IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL,**

    Petitioner,

v.                                Case No. 3:16cv136-LC/CAS

**DEPARTMENT OF CHILDREN AND
FAMILIES, STATE OF FLORIDA,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On or about March 16, 2016, Petitioner Jamaal Ali Bilal, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his civil commitment, pursuant to Florida's Jimmy Ryce Act, in Escambia County Circuit Court case number 99-1507. *See id.* Petitioner's commitment began August 19, 2001, after he entered a signed Settlement Agreement. *See id.* Petitioner has also filed a motion for leave to proceed in forma pauperis. ECF No. 2.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined that no evidentiary hearing is required for

the disposition of this matter. See Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition is successive and unauthorized, and should be dismissed. See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

Petitioner is presently confined at the Florida Civil Commitment Center pursuant to his 2001 civil commitment under the Jimmy Ryce Act entered in Escambia County Circuit Court case number 99-1507-CA. The background and procedural history of this case are set forth in earlier orders of this Court in other cases involving this Petitioner, and are herein incorporated by reference. See Bilal v. Regier, No. 3:02cv362-LAC/MD, as well as those in Bilal v. Butterworth, 3:07cv76-MCR/MD.

In particular, Petitioner first challenged his civil commitment by filing a § 2254 petition in Bilal v. Regier, No. 3:02cv362-LAC/MD. This Court denied relief. See id. ECF Nos. 205 (order adopting report and recommendation and denying §2254 petition challenging civil commitment in Escambia County Circuit Court case number 99-1507), 197 (report and

recommendation). The Eleventh Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability. *See id*. ECF Nos. 258, 260.

Petitioner has since filed numerous § 2254 petitions in this Court, each attempting to challenge his civil commitment either directly or indirectly. *See, e.g,* Bilal v. Butterworth, No. 3:07cv76-MCR/MD; Bilal v. Hadi, No. 3:06cv355-MCR/MD; Bilal v. Hadi, No. 3:06cv327-RV/MD; Bilal v. Hadi, No. 3:06cv326-LAC/MD; Bilal v. Hadi, No. 3:05cv183-RV/MD. *See also* Bilal v. Carroll, No. 3:14cv331-MCR/CJK (dismissing § 2254 petition seeking transfer to U.S. Department of Veterans Affairs facility, as claim insufficient to invoke habeas corpus jurisdiction and presents purely state law issue). This Court dismissed each case without prejudice because Petitioner had not obtained the requisite authorization from the Eleventh Circuit for filing a second or successive § 2254 petition.

## Analysis

Petitioner has not shown a jurisdictional basis for this §2254 petition. Petitioner challenges the same 2001 civil commitment that he challenged in his previous § 2254 petitions. Notably, Petitioner attaches, as Exhibit A, to this petition a copy of the same state trial court order he attached to the

petition he filed in Bilal v. State, No. 3:14cv307-LC/CAS. That trial court order, dated October 10, 2013, and affirmed on appeal by Florida's First District Court of Appeal, denied Petitioner's request for release from the Florida Civil Commitment Facility. ECF No. 1 at 51-55; see Bilal v. State of Florida, 157 So. 3d 1093 (Fla. 1st DCA 2015) (opinion affirming trial court order denying request for release: "Jamaal Ali Bilal argues that he should be released from involuntary civil commitment under the Jimmy Ryce Act, chapter 394, Florida Statutes, because the American Psychiatric Association has removed the mental disorder underlying his commitment in 2001 from the fifth edition of its Diagnostic and Statistical Manual of Mental Disorders, DSM-5. The trial court denied his petition for release. And now we affirm because, notwithstanding the DSM-5's revisions, the evidence from the trial below supports the conclusion that Mr. Bilal's underlying mental condition remains unchanged and that he could not safely be released under the Act.").

The instant petition is "second or successive" for purposes of § 2244(b)(3)(A). This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. See 28 U.S.C. § 2244(b)(3); Burton v. Stewart,

549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition).

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1) be **DISMISSED**. Any pending motions should be denied.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2016.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**